Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| MAPFRE PRAICO INSURANCE COMPANY Parte Recurrida<br><br>v.<br><br>AMERICAN INTERNATIONAL COMPANY, ET. ALS. Parte Peticionaria | KLCE202401026 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV09035<br><br>Sobre: Daños y perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 25 de octubre de 2024.

Comparece el Lcdo. Héctor F. Oliveras Delgado y American International Insurance Company-Puerto Rico (en conjunto, parte peticionaria) y solicitan que revisemos la *Resolución* emitida y notificada el 23 de agosto de 2024 por el Tribunal de Primera Instancia (en adelante, TPI), Sala Superior de San Juan. Mediante el referido dictamen, el TPI declaró sin lugar las mociones de sentencia sumaria promovidas por la parte peticionaria. En consecuencia, denegó la solicitud de desestimación de la demanda del caso de epígrafe.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), resolvemos denegar la expedición del auto de *certiorari,* sin trámite ulterior.

**I.**

El 14 de octubre de 2022, MAPFRE Praico Insurance Company (en adelante, MAPFRE) incoó una demanda contra American International Insurance Company, el Lcdo. Héctor F.

Oliveras Delgado y Oliveras & Ortiz Law Offices, PCS[1]. En resumen, MAPFRE adujo que el Lcdo. Héctor F. Oliveras Delgado (en adelante, Lcdo. Oliveras Delgado) representó a la AAA y a MAPFRE en una causa de acción de daños y perjuicios por una caída. Relató que, en dicho pleito, y a consecuencia de los alegados incumplimientos con el descubrimiento de prueba por parte del Lcdo. Oliveras Delgado, el tribunal le prohibió el uso de prueba pericial, de cierto informe de inspección y de prueba de rotulación del área de la caída y/o cualquier pieza de evidencia que no hubiese sido descubierta oportunamente. MAPFRE añadió que el Lcdo. Oliveras Delgado no apeló la decisión del tribunal en ese pleito ni notificó a la AAA y/o a MAPFRE lo anterior, así como tampoco informó la existencia de una oferta de transacción. Se indicó, además, que el Lcdo. Oliveras Delgado no asistió al señalamiento del juicio, razón por la cual el tribunal les anotó la rebeldía y dictó sentencia en su contra. Por último, se mencionó que MAPFRE y la AAA tuvieron que pagar $389,831.34 a los demandantes de dicho caso. En cuanto a American International Insurance Company (en adelante, American), se aseveró que dicha compañía expidió una póliza de seguro de responsabilidad profesional que brinda cubierta por esos hechos. A tenor con lo alegado, MAPFRE reclamó compensación por los daños que le ocasionó la presunta impericia profesional legal.

El Lcdo. Oliveras Delgado contestó la demanda. En ella, admitió haber representado a la AAA en ese pleito de daños y perjuicios. Empero, en sus defensas afirmativas, negó haber faltado a su deber profesional o haber incurrido en negligencia durante el trámite del litigio y atribuyó a su representado los incumplimientos con el descubrimiento de prueba.

---

[1] El 28 de febrero de 2023, el TPI dictó *Sentencia Parcial* en la que decretó el archivo sin perjuicio de la causa en cuanto a Oliveras & Ortiz Law Offices, PSC, por no haberse diligenciado y acreditado su emplazamiento dentro del término provisto en la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c). Véase, Apéndice del recurso, pág. 33.

American, por su parte, en su contestación a la demanda, adoptó las alegaciones del Lcdo. Oliveras Delgado en cuanto al aspecto de negligencia. También negó tener responsabilidad alguna para con los demandantes y aclaró que, de existir alguna obligación de su parte, ésta se limitaba a lo dispuesto en los términos y condiciones de la póliza expedida.

Luego de varios incidentes procesales -que incluyeron una enmienda a la demanda y sus correspondientes contestaciones- el 18 de septiembre de 2023, el Lcdo. Oliveras Delgado presentó una *Moción de sentencia sumaria.* En ésta, propuso la existencia de doce hechos incontrovertidos que, a su entender, reflejaban que la cláusula de renuncia al derecho de subrogación incluida en la póliza expedida por MAPFRE a favor de la AAA le impedía a dicha aseguradora incoar la presente acción judicial. Según explicó el Lcdo. Oliveras Delgado, la referida cláusula le prohibía a MAPFRE instar una causa de acción por subrogación o recobro en contra de cualquier compañía o individuo asociado a la AAA. El Lcdo. Oliveras Delgado adujo que, en todo momento material a los hechos de la demanda, actuó en calidad de individuo asociado a Oliveras & Ortiz Law Offices, PSC, compañía que, a su vez, estaba conectada con la AAA a través de un contrato para la prestación de servicios legales. Por lo anterior, el Lcdo. Oliveras Delgado invocó la aplicabilidad de la referida cláusula a su persona y solicitó la desestimación con perjuicio de la demanda.[2]

Poco después, el 25 de septiembre de 2023, American incoó su *Moción de sentencia sumaria.* Alegó que, en la eventualidad que el tribunal concediera la solicitud de sentencia sumaria del Lcdo. Oliveras Delgado, procedía además desestimar con perjuicio la reclamación en cuanto a American, puesto que su obligación legal

---

[2] La moción de sentencia sumaria se acompañó con documentos en apoyo a la solicitud. *Íd.,* págs. 107-259.

se encontraba supeditada a la existencia de una obligación por parte de su asegurado de responder a la demandante MAPFRE.[3]

El 20 de noviembre de 2023, MAPFRE instó *Oposición a mociones en solicitud de sentencia sumaria presentadas por los codemandados Lcdo. Héctor F. Oliveras y AIG Insurance Company-Puerto Rico*. En ésta, admitió algunos de los hechos propuestos, negó otros e incluyó propuestas adicionales. En lo sustantivo, solicitó que se denegaran las solicitudes de sentencia sumaria, tras argumentar que su causa de acción en contra del Lcdo. Oliveras Delgado es una directa de daños y perjuicios por impericia profesional, y no una acción subrogatoria contra su propio asegurado. Por ello, negó que le fuera oponible la mencionada cláusula que le prohíbe instar un reclamo contra su asegurado, asociados, subsidiarias, socios, oficiales o personal de la AAA.[4]

American presentó una réplica a la oposición y MAPFRE la correspondiente dúplica. Evaluados todos los escritos, el 23 de agosto de 2024, el TPI emitió la *Resolución* recurrida, en la que enumeró las siguientes determinaciones de hechos incontrovertidos:

> 1. El 14 de julio de 2016, la Autoridad de Acueductos y Alcantarillados (AAA) y la firma legal Oliveras & Ortiz Law Office, PSC suscribieron un contrato para la prestación de servicios profesionales legales.
>
> 2. Por más de 20 años Oliveras & Ortiz Law Office, PSC ha tenido contratos de servicios profesionales para la representación legal de la AAA en reclamaciones de daños y perjuicios incoadas en su contra, quien ha estado asegurada por distintas compañías de seguro, incluyendo la demandante.
>
> 3. Para la fecha de los hechos objeto del presente caso, la póliza emitida por MAPFRE a favor de la AAA tenía un deducible de $100,000.00 aplicable a todas las reclamaciones e incluía los gastos de defensa. Por tal razón, era y es la AAA quien contrata y designa los abogados que habrán de representarla en distintas reclamaciones. En aquellos casos en donde la parte demandante incluía a la aseguradora de la AAA, incluyendo MAPFRE, la AAA solicitaba a Oliveras &

---

[3] American también incluyó documentos en apoyo a su solicitud. *Íd.,* págs. 260-309

[4] MAPFRE presentó documentos para sustentar su oposición. *Íd.,* págs. 310-365.

Ortiz Law Office, PSC que asumiera la representación de su aseguradora como en efecto ocurrió en el caso JDP2016-0280 (caso subyacente).

4. En o alrededor de 19 de enero de 2017, la AAA le encomendó a Oliveras & Ortiz Law Office, PSC su defensa en el caso civil *Ricardo Zambrana Negrón, et al., v. Municipio de Juana Díaz,* JDP2016-0280, que se ventiló ante la Sala Superior de Ponce. Posteriormente, la AAA solicitó a Oliveras & Ortiz Law Office, PSC que asumiera la defensa de MAPFRE en el caso subyacente.

5. El 23 de septiembre de 2019, el Tribunal condenó a la AAA y a MAPFRE, en virtud de la póliza emitida a favor de la AAA, a pagar al codemandante Ricardo Zambrana Negrón la suma de $315,000.00 por sus daños físicos y angustias mentales, y a pagar a la codemandante Julia Medina Quiñónez, la cantidad de $63,000.00 por concepto de daños emocionales.

6. En todo momento material a los eventos relacionados en la Demanda y Demanda Enmendada de epígrafe, los servicios profesionales prestados por el Lcdo. Héctor F. Oliveras Delgado fueron realizados en virtud de la relación contractual habida entre la AAA y Oliveras & Ortiz Law Office, PSC.

7. MAPFRE emitió la póliza No. 54-CGL-006925676-5 con cubierta de responsabilidad comercial general asegurando a la AAA a cambio del pago de la prima estimada de $920,550.00. La misma tiene un límite por ocurrencia de $1,000,000.00 y agregado anual de $2,000,000.00, y está sujeta a un deducible de $100,000.00 por cada ocurrencia, incluyendo gastos e indemnización.

8. Según surge de las declaraciones, la póliza de responsabilidad comercial general adopta mediante endoso unas condiciones generales formuladas específicamente para esta póliza. El endoso titulado "Special Conditions", contiene, *inter alia,* un "Waiver of Subrogation" el cual lee:

WAIVER OF SUBROGATION

The right of subrogation against any affiliated, associated and/or subsidiary corporation or companies and/or any partners, officers, and/or individuals connected therewith is hereby waived. This Insurance shall not be invalidated should the insured warrant in writing prior to a loss any or all rights of recovery against any party for loss occurring to the property described herein.

9. La referida póliza también contiene un "agreement for the Management of Funds Granted by the Puerto Rico Aqueduct and Sewer Authority to MAPFRE Praico Insurance Company for the Payments of Claims". Dicho acuerdo dispone para la creación de una cuenta de banco que será manejada por MAPFRE, en donde la

AAA depositará los fondos suficientes para el pago de los deducibles y gastos relacionados al programa de seguros.

10. Oliveras & Ortiz Law Office, PSC devengó la cantidad de $6,417.00 por los servicios de defensa prestados en el caso subyacente.

11. AIG emitió la póliza "Lawyers Professional Liability Policy" No. 015-1002691-03 a favor de Oliveras & Ortiz Law Office, PSC. Dicha póliza tiene un periodo de efectividad del 27 de noviembre de 2019 al 27 de noviembre de 2020. La cobertura provista por la póliza está sujeta a sus cláusulas, disposiciones, condiciones, exclusiones, deducibles y límites según contenidos en la póliza.

12. Dicha póliza tiene una cláusula que dispone:

Insuring Agreements

I. COVERAGE

Top pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of any claim or claims, including claim(s) for personal injury, first made against the Insured and reported to the Company during the Policy Period or Extended Reporting Period, arising out of any act, error, or omission of the Insured in rendering or failing to render professional services for others in the Insured's capacity as a Lawyer, Fiduciary or Notary Public and caused by the Insured or any other person for whose acts, errors, or omissions the Insured is legally responsible, except as excluded or limited by the terms, conditions and exclusion of this policy.

13. La póliza expedida por MAPFRE a favor de la AAA contiene una cláusula que dispone:

8. Transfer of Rights of Recovery Against Others To Us

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

14. El día 5 de febrero de 2018 el Lcdo. Héctor F. Oliveras envió un correo electrónico a Krizia M. Ferrer, ajustadora legal de reclamaciones de MAPFRE, anejando la demanda enmendada en la cual se incluyó a MAPFRE en el caso de *Ricardo Zambrana v. Municipio* informando que procedería a comparecer por MAPFRE.

15. El mismo día Krizia Ferrer acusó recibo y autorizó al Lcdo. Oliveras a comparecer por MAPFRE.

16. Desde febrero de 2018, el Lcdo. Héctor F. Oliveras compareció como representante legal de MAPFRE en la acción directa en su contra en el caso *Zambrana v. Municipio*, JDP2016-0280 y continuó como abogado de MAPFRE hasta la resolución de los trámites apelativos.

17. Ni el Lcdo. Héctor Oliveras ni el Bufete Oliveras & Ortiz, PSC son asegurados y/o asegurados adicionales nombrados bajo la póliza expedida por MAPFRE, a favor de la AAA.

18. La póliza de MAPFRE sobre responsabilidad comercial general no adicionó en una de sus cubiertas la responsabilidad legal de sus representantes legales, por lo que no cobró primas para cubrir dicho riesgo.

19. El riesgo materializado por el cual se reclama en el presente caso consiste en la impericia profesional legal, mientras que el riesgo materializado en el caso subyacente consiste en la responsabilidad de una entidad por la caída de un ciudadano.

HECHOS PROPUESTOS POR MAPFRE DE LOS CUALES SE TOMA CONOCIMIENTO JUDICIAL

20. En la Sentencia dictada en el caso *Ricardo Zambrana Negrón, et al. v. Municipio de Juana Díaz,* JDP2016-0280 se expresa que:

a. El 10 de abril de 2018, el Sr. Zambrana y la Sra. Medina solicitaron la anotación de rebeldía de la AAA en el caso JDP2016-0280.

b. El 21 de mayo de 2018, el Tribunal emitió una orden dándole diez (10) días a la AAA para expresarse sobre la moción de anotación de rebeldía del Sr. Zambrana y la Sra. Medina en el caso JDP2016-0280.

c. El 13 de junio de 2018, el Tribunal, por incumplimiento con su orden del 21 de mayo de 2018, emitió una Resolución en el caso JDP2016-0280 en la cual le prohibió a la AAA la utilización de prueba pericial, la utilización de cualquier informe de inspección o examen del área realizada con posterioridad al accidente, preparados por funcionarios de la AAA, presentar prueba de rotulación del área distinta a la que pueda haber identificado la parte demandante y utilizar cualquier pieza de evidencia que no haya sido descubierta previa al 15 de mayo de 2018.

d. El Lcdo. Oliveras, en su función de representante legal de la AAA y MAPFRE, no solicitó reconsideración ni apeló de la Resolución del Tribunal.

e. El Lcdo. Oliveras no compareció a la vista en su fondo del caso JDP2016-0280.

f. el Lcdo. Oliveras nunca se comunicó con el Tribunal para excusar su incomparecencia en el caso JDP2016-0280.

g. El Lcdo. Oliveras nunca justificó su incomparecencia en la vista en su fondo en el caso JDP2016-0280.

h. Debido a la incomparecencia del Lcdo. Oliveras el Tribunal le anotó la rebeldía a AAA y MAPFRE.

A la luz de tales determinaciones de hechos, el TPI puntualizó que la relación que existía entre a AAA y Oliveras & Ortiz Law Offices, PSC era un acuerdo de servicios profesionales para la representación legal de la AAA en reclamaciones de daños y perjuicios incoadas en su contra. Añadió que, si bien era cierto que, bajo los términos de la póliza de MAPFRE, la AAA era la que contrataba sus representaciones legales, ello no convertía a los abogados contratados en individuos o compañías asociadas a la AAA. Por tal razón, resolvió que la cláusula de renuncia al derecho de subrogación incluida en la póliza que MAPFRE expidió a favor de la AAA no era extensiva al Lcdo. Oliveras Delgado.

En otro extremo, el TPI coligió que, si MAPFRE lograra probar que la razón por la cual se le condenó al pago de la sentencia del caso JDP2016-0280 obedeció a la impericia profesional del Lcdo. Oliveras Delgado, y no a la responsabilidad de su asegurado, dicha aseguradora tendría una reclamación directa en daños y perjuicios en contra del abogado, para recobrar el pagado asumido. A su vez, American, quien expidió una póliza por responsabilidad profesional a favor del Lcdo. Oliveras Delgado, cubriría el riesgo de la reclamación. En virtud de lo anterior, el TPI acogió los fundamentos de derecho esgrimidos por MAPFRE en su moción en oposición y, de tal forma, declaró sin lugar las sendas solicitudes de sentencia sumaria presentadas por el Lcdo. Oliveras Delgado y American.[5] Por

---

[5] *Íd.,* págs. 476-486.

consiguiente, denegó la solicitud de desestimación de la demanda del caso de epígrafe.

Inconforme, el 23 de septiembre de 2024, la parte peticionaria presentó ante este Tribunal el recurso de *certiorari* que nos ocupa y apuntó los siguientes señalamientos de error:

> Primero: Erró y abusó de su discreción el TPI al denegar la solicitud de sentencia sumaria de los peticionarios, sin haber fundamentado su determinación en ningún principio de hermenéutica en materia de seguros.

> Segundo: Erró y abusó de su discreción el TPI al denegar la solicitud de sentencia sumaria de los peticionarios al concluir que el endoso de exclusión en la póliza de MAPFRE número 54-CGL-006925676-5/000, no era extensiva al peticionario, lo que constituye un error de derecho.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[6]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[7] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones

---

[6] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[7] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la

discreción de este foro en aquellos asuntos en los que sí se permite entender.[8]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[9] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**III.**

Al evaluar la petición de *certiorari,* concluimos que, aun cuando se recurre de la denegatoria de una moción de carácter dispositivo -asunto contemplado en los supuestos sujetos a revisión de la Regla 52.1 de Procedimiento Civil, *supra*- la solicitud de la parte peticionaria no cumple con ninguno de los criterios de la Regla 40 del Reglamento de este Tribunal, *supra*.

Básicamente, la parte peticionaria reitera su planteamiento sobre la interpretación que el TPI debió darle a la cláusula de renuncia al derecho de subrogación incluida en la póliza expedida por MAPFRE a favor de la AAA. Sin embargo, más allá de argumentar su desacuerdo con la denegatoria del tribunal a desestimar la demanda, la parte peticionaria no ha demostrado que, al llegar a su determinación, el TPI hubiere incurrido en un error manifiesto, abuso de discreción, prejuicio o parcialidad.

Ante ello, y siendo el mecanismo de sentencia sumaria uno discrecional, concluimos que el TPI actuó de manera razonable al denegar las solicitudes de sentencia sumaria presentadas por la parte peticionaria. Así pues, nos abstenemos de intervenir con el dictamen recurrido.

---

[8] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[9] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

## IV.

A la luz de lo expuesto, denegamos expedir el auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones